1  HUY TRAN, Bar No. 288196
   Justice at Work Law Group, LLP
2  84 West Santa Clara Street, Suite 790
   San Jose, CA 95113
3  Telephone: (408) 317-1100
   Facsimile: (408) 351-0105
4  Huy@JAWLawGroup.com

5  Attorney for Plaintiff
   GARY BADERTSCHER

6

7                    UNITED STATES DISTRICT COURT

8                   NORTHERN DISTRICT OF CALIFORNIA

9                        SAN JOSE DIVISION

10

11  GARY BADERTSCHER,                    Case No.

12              Plaintiff,               **COMPLAINT**

13        v.                             Federal FLSA Claim:

14  OPSEC EXECUTIVE PROTECTION,          1.  Failure to Pay All Wages Earned (29
    OPSEC EXECUTIVE PROTECTION,              U.S.C. §§ 207, 216(b), and 255(a));
15  LLC, RENAND GARCIA, PETER            2.  Retaliation (29 U.S.C. §§ 215(a);
    PHONG, and RONNIE LIM;
16                                       Supplemental State Claims:
                Defendants.
17                                       3.  Failure to Pay All Wages Earned (Labor
                                             Code §§ 510 and 1194);
18                                       4.  Failure to Provide Compliant Meal and Rest
                                             Breaks (Labor Code § 226.7);
19                                       5.  Failure to Provide Accurate Pay Stubs and
                                             Records (Labor Code § 226);
20                                       6.  Waiting Time Penalties (Labor Code 203);
                                         7.  Failure to Produce Employee Files Upon
21                                           Lawful Request (Cal. Labor Code §§ 226
                                             and 1198.5);
22                                       8.  Retaliation (Cal. Labor Code § 1102.5); and
23                                       9.  Wrongful Termination in Violation of
                                             Public Policy
24

25                          **NATURE OF CLAIM**

26        This is an action by Plaintiff GARY BADERTSCHER, who was employed as a security

27  guard by Defendants OPSEC EXECUTIVE PROTECTION, OPSEC EXECUTIVE PROTECTION,

28

                                    1                      Case No. _____

LLC, RENAND GARCIA, PETER PHONG, and RONNIE LIM.  Defendants run a security business that provides its services in Santa Clara County and Sacramento County.  Plaintiff seeks damages for unpaid wages under the Fair Labor Standards Act and Labor[1] Code §§ 510 and 1194, premium wages for noncompliant meal and rest breaks under Labor Code § 226.7, penalties under Labor Code §§ 226 and 1198.5 for noncompliant wage stubs and failure to permit inspection of employee records, penalties under Labor Code § 203 for failure to pay all wages earned within 72 hours of termination, and attorney's fees and costs and pre-judgment interest for the above under all applicable statutes.

1.  Plaintiff's claims can be summarized as follows:

(a)    Failure to Pay All Wages Earned (FLSA and Labor Code): Plaintiff was regularly scheduled to work over 8 hours in a day or 40 hours in a week.  Though those hours were overtime hours, they were compensated at Plaintiff's regular rate of pay.

(b)    Failure to Provide Compliant Meal and Rest Breaks (Labor Code § 226.7):  Plaintiff was not provided with compliant meal or rest breaks.  When on site as a security guard, Plaintiff often worked alone with no one to relieve him.  As such, he was never provided with reasonable opportunities to take his rest breaks, nor was he properly relieved of duty to take his meal breaks.

(c)    Failure to Provide Compliant Wage Stubs (Labor Code § 226):  Plaintiff was not afforded any wage stubs at all.

(d)    Failure to Permit Inspection or Copying of Employee Records (Labor Code § 226):  Plaintiff submitted a lawful request for his personnel files but was ignored.

(e)    Retaliation (FLSA and Labor Code): Plaintiff often complained to Defendants about not being paid for all of his hours or his hourly rate of pay.  In response, Defendants cut Plaintiff's hours and eventually terminated his employment.

[1] All references to the Labor Code are to the California Labor Code.

Case No. _____

COMPLAINT

(f)      Penalties, Interest and Attorneys' Fees and Costs for the above.

**SUBJECT MATTER JURISDICTION AND VENUE**

2.   This Court is a proper venue, since events giving rise to this lawsuit have occurred in this county.

**PARTIES**

3.   Plaintiff GARY BADERTSCHER was, and at all relevant times herein is, an individual over the age of eighteen and a resident of Santa Clara County.  He was employed by Defendants within the statute of limitations in this action.

4.   On information and belief, Plaintiff alleges that Defendants OPSEC EXECUTIVE PROTECTION and OPSEC EXECUTIVE PROTECTION, LLC (collectively OPSEC) are corporate entities authorized to and in fact do operate in the State of California.

5.   On information and belief, Plaintiff alleges that Defendants RENAND GARCIA, PETER PHONG, and RONNIE LIM are individuals over the age of eighteen and employed Plaintiff to perform security services in Santa Clara County.

6.   On information and belief, Plaintiff alleges that Defendants GARCIA, PHONG, and LIM are the alter ego of OPSEC for failing to observe corporate formalities, for underfunding OPSEC, for using OPSEC to engage in fraud – namely refusing to pay Plaintiff at his overtime rate for overtime hours, and for other reasons.

7.   On information and belief, Plaintiff alleges that Defendants make sufficient gross income to be subject to the Fair Labor Standards Act.

8.   Plaintiff does not know the true names and capacities of the defendants sued herein as Does 1 through 50, and therefore sues them by fictitious names.  Plaintiff will amend his Complaint to state their true names and capacities when ascertained.  On information and belief, Plaintiff alleges that

Case No. _____

COMPLAINT

each of the fictitiously named Defendants is responsible in some manner for the occurrences alleged herein, and thereby proximately caused Plaintiff's injuries alleged herein.

9.   On information and belief, Plaintiff alleges that each of the Defendants acted in concert with each and every other Defendant, intended to and did participate in the events, acts, practices and courses of conduct alleged herein, and proximately caused damage and injury thereby to Plaintiff.

10. On information and belief, each Defendant was the agent or employee of each of the other Defendants and was acting within the course and scope of such agency or employment.

## FACTUAL ALLEGATIONS

11.  Defendants employed Plaintiff at all relevant times within the statute of limitations for this action as a security guard.

12.  As a security guard, Plaintiff was assigned to work at different sites by Defendant GARCIA.

13.  Defendant GARCIA was ultimately in charge of executing all security services for OPSEC, which was responsible for Defendants' security operations in Santa Clara County.  In that capacity, Defendant GARCIA set the terms and conditions of Plaintiff's employment.

14.  Defendants PHONG and LIM ran the business side of OPSEC, including payroll accounting for check and cash payments to guards, handling employee complaints regarding work conditions, and processing time off request.  Plaintiff personally discussed pay issues with LIM on numerous occasions.  In that capacity, Defendants PHONG and LIM also set the terms and conditions of Plaintiff's employment.

15.  Plaintiff was paid at his regular rate for all hours worked, regardless of whether they were regular or overtime hours.

16.  Plaintiff reported his hours to Defendants through a variety of means, including email.  He created his own time cards to ensure that he tracked his hours.

Case No. _____

17.  Defendants did not provide Plaintiff with itemized wage statements as required by the Labor Code.  Specifically, Defendants did not provide Plaintiff with any such statements at all.

18.  Defendants failed to provide Plaintiff with reasonable opportunities to take 10-minute paid rest breaks when he worked sufficient hours to be entitled to those breaks.  In particular, Plaintiff could not take his rest breaks on jobs where he worked alone and had no one to relieve him.

19.  Defendants failed to relieve Plaintiff of duty, nor did they provide him reasonable opportunities to take 30-minute unpaid meal breaks when he worked sufficient hours to be entitled to those breaks.  In particular, Plaintiff could not take his meal breaks on jobs where he worked alone and had no one to relieve him.

**COUNT ONE**
*Fair Labor Standards Act, 29 U.S.C. §§ 207, 216(b), and 255(a)*
*Failure to Pay Overtime Wages and For All Hours Worked*

20. Plaintiff incorporates the allegations of the preceding paragraphs as if fully stated herein.

21. At all relevant times herein, Plaintiff's employment was subject to the provisions of the Fair Labor Standards Act of 1938, as amended ("FLSA"), 29 U.S.C. § 201, *et seq.*  Further, Defendants operate a business enterprise engaged in commerce or in the production of goods for commerce as defined by 29 U.S.C. § 203(r)-(s) and related Department of Labor regulations.

22. Defendants routinely required and/or suffered or permitted Plaintiff to work more than 40 hours per week without paying all of his wages for such overtime work.  In failing to pay Plaintiff all overtime wages at one-and-one-half times his regular rate of pay, Defendants willfully violated the FLSA.

23. As a direct and proximate result of Defendants' failure to pay the Plaintiffs' proper wages under the FLSA, Plaintiff incurred general damages in the form of lost overtime wages in an amount to be proved at trial.

24. Defendants intentionally, with reckless disregard for their responsibilities under the FLSA, and without good cause, failed to pay Plaintiff his proper wages. Defendants are thus liable to Plaintiff for liquidated damages in an amount equal to his lost wages over a three-year statute of limitations, pursuant to 29 U.S.C. §§ 216(b) and 255(a).

25. Plaintiff was required to retain legal assistance in order to bring this action and, as such, are entitled to an award of reasonable attorney's fees. 29 U.S.C. § 216(b).

### COUNT TWO
*29 U.S.C. § 215(a)*
*Retaliation*

26. Plaintiff incorporates the allegations of the preceding paragraphs as if fully stated herein.

27. Plaintiff's employment was terminated in violation of the Fair Labor Standards Act because he attempted to recover unpaid wages and considered consulting an attorney for his claims. Said conduct is protected by law. Plaintiff's attempt to recover unpaid wages against Defendants led to retaliatory acts by them. Plaintiff alleges that said termination was unlawful because it was in relation for his engagement in protected activity.

28. As a proximate result of the aforesaid acts of Defendants, Plaintiff has suffered actual, consequential and incidental financial losses, including without limitation, loss of salary and benefits, and the intangible loss of employment related opportunities in his field and damage to his professional reputation.

### COUNT THREE
*Labor Code §§ 510 and 1194*
*Failure to Pay All Wages Earned*

29. Plaintiff incorporates the allegations of the preceding paragraphs as if fully stated herein.

30. At all times mentioned herein, Defendants had a duty to pay their employees, including Plaintiff, not less than the minimum required hourly and overtime rate of pay. Labor Code §§ 510 and 1194.

Case No. _____

COMPLAINT

31. On information and belief, Plaintiff alleges that was not compensated at the required overtime rate for all of the overtime hours that he worked.  Additionally, Plaintiff was not paid for all of the commission that he earned.  Plaintiff further contends that Defendants' failure to pay his overtime hours at the statutorily required overtime rate was intentional and in reckless disregard of their duties under the Labor Code.

32. As a result of Defendants' conduct, as more fully set forth above, Plaintiff earned but was not paid all of the wages that were due to him.

33. Plaintiff seeks as earned but unpaid wages the difference between the amount actually paid and the hourly rates at which Defendants were obligated to pay him.

34. Plaintiff is entitled to and therefore requests an award of prejudgment interest on the unpaid wages set forth herein.

35. Plaintiff has incurred, and will continue to incur, attorney's fees in the prosecution of this action and therefore demands such reasonable attorneys' fees and costs as set by the Court.

**COUNT FOUR**
*Labor Code § 226.7*
*Failure to Provide Compliant Meal and Rest Breaks*

36. Plaintiff incorporates the allegations of the preceding paragraphs as if fully stated herein.

37. At all times relevant herein, Defendants were required to provide a 30-minute unpaid meal break for any shift longer than 5 hours, and a second 30-minute unpaid meal break for any shift longer than 10 hours.  Labor Code § 226.7; IWC Wage Order 4-2001(11); *Brinker v. Superior Court*, 53 Cal.4th 1004, 1041-42 (Cal. 2012) (interpreting identical language in IWC Wage Order 5). Defendants were also required to provide 10-minute paid rest breaks for every four hours of work, or major fraction thereof. Labor Code § 226.7; IWC Wage Order 4-2001(12); *Brinker, id.*, at 1028-29.

38. Defendants did not provide, permit, or authorize Plaintiff to take his meal and rest breaks, or pay added wages in lieu of the break as required by law.  Labor Code § 226.7.  Plaintiff worked

Case No. _____

COMPLAINT

more hours in one shift than the minimum hours required by law to be entitled to those breaks. On information and belief, Plaintiff alleges that he has never voluntarily or willfully waived his rest breaks.  Any express or implied waivers obtained from Plaintiff were not willfully obtained, were not voluntarily agreed to, were a condition or employment, or were part of an unlawful contract of adhesion.

39. Defendants' failure to provide the statutorily required breaks makes them liable to Plaintiff for one hour of pay at his regular rate for shift with a noncompliant rest break and noncompliant meal break. Labor Code § 226.7.

**COUNT FIVE**
*Labor Code § 226*
*Failure to Provide Accurate Wage Stubs*

40. Plaintiff incorporates the allegations of the preceding paragraphs as if fully stated herein.

41. At all times relevant hereto, Defendants were required to provide each employee with written periodic wage payment setting forth, among other things, the dates of labor for which payment of wages is made, the total hours of work for the pay period, the gross and net wages paid, all deductions from those wages, and the name and address of the employer.  Labor Code § 226.

42. Defendants knowingly and intentionally failed to provide Plaintiff, with accurate, itemized wage statements in compliance with Labor Code § 226.  Defendants failed in this obligation by not providing any such statements to Plaintiff at all.

43. As a direct result of Defendants conduct, Plaintiff was never provided with paystubs. Plaintiff is entitled to recover an amount to be proved at trial for actual damages, including that measured by the unpaid wages, of not less than $50.00 for an initial violation and $100.00 for a subsequent for each violation up to $4,000.00.

44. Plaintiff has incurred, and will continue to incur attorney fees in the prosecution of this action.

Case No. _____

**COUNT SIX**
*Labor Code § 203*
*Waiting Time Penalties*

45. Plaintiff incorporates all preceding paragraphs as though fully set forth herein.

46. Plaintiff is a former employee of Defendants who was discharged.  On information and belief, he contends that Defendants owed him unpaid wages at the conclusion of his employment, and that those wages were ascertainable at the time of termination.

47. As of the date of this filing, Defendants have still failed to pay Plaintiff all wages owed.  Pursuant to Labor Code § 203, Defendants are liable to Plaintiff for 30-days of wages.

**COUNT SEVEN**
*Labor Code §§ 226 and 1198.5*
*Failure to Provide Employee File Upon Lawful Request*

48. Plaintiff incorporates the preceding paragraphs as though fully stated herein.

49. At all times mentioned herein, Defendants had a duty to maintain records for their employees that showed, among other things, gross and net wages earned.  Labor Code § 226(a).  Defendants also had a duty to provide current and former employees the right to inspect or copy those records within twenty-one (21) days upon reasonable request to the employer.  Labor Code § 226(b)-(c).

50. Plaintiff provided Defendants with a reasonable request for his records.  However, twenty-one days passed without receipt of the records.  Defendants refused to provide Plaintiff's personnel file when notified that they had not complied with his request.

51. Defendants were aware of the existence and requirements of Labor Code §§ 226 and 1198.5, but knowingly, willfully, and intentionally failed to provide Plaintiff with his employee files in accordance with the law.

52. Plaintiff has incurred, and will continue to incur, attorneys' fees in the prosecution of this action and therefore demands such reasonable attorneys' fees and costs as set by the Court.

Case No. _____

COMPLAINT

1
2

**COUNT EIGHT**
*Labor Code §§ 98.6 et seq.*
*Retaliatory Discharge*

3
4

53. Plaintiff incorporates the allegations of each preceding paragraph as if fully stated herein.

5
6
7
8

54. Plaintiff's employment was terminated in violation of Labor Code § 1102.5 because he attempted to recover unpaid wages.  Said conduct is protected by law.  Plaintiff's attempt to recover unpaid wages against Defendants lead to retaliatory acts by them.  Plaintiff alleges that said termination was unlawful because it was in retaliation for his engagement in protected activity.

9
10
11
12
13

55. As a proximate result of the aforesaid acts of Defendants, Plaintiff has suffered actual, consequential and incidental financial losses, including without limitation, loss of salary and benefits, and the intangible loss of employment related opportunities in his field and damage to his professional reputation.

14
15
16
17
18

56. As a proximate result of the wrongful acts of Defendants, Plaintiff has suffered and continues to suffer emotional distress, humiliation, mental anguish and embarrassment, as well as the manifestation of physical symptoms.  Plaintiff is informed and believes and thereupon alleges that he will continue to experience said physical and emotional suffering for a period in the future not presently ascertainable.

19
20
21
22
23
24

57. The acts taken toward Plaintiff were carried out by Defendants' officers, directors, and/or managing agents acting in a despicable, oppressive, fraudulent, malicious, deliberate, egregious, and inexcusable manner and in conscious disregard for the rights of Plaintiff.  Defendants and their agents/employees or supervisors, authorized, condoned and ratified the unlawful conduct of each other.  Consequently, Plaintiff is entitled to an award of punitive damages against each Defendant.

25
26
27
28

58. Plaintiff will also seek a $10,000 civil penalty pursuant to California Labor Code section 1102.5(f).

Case No. _____

59. Plaintiff has incurred, and will continue to incur attorney fees in the prosecution of this action.

### COUNT NINE
*Wrongful Termination in Violation of Pubic Policy*

60. Plaintiff re-alleges and incorporates the preceding paragraphs as if fully stated herein.

61. At all times mentioned herein, the public policy of the State of California, as codified, expressed and mandated in Labor Code § 1102.5, is to bar retaliation against employees who exercise their rights as set out in the Labor Code.  This public policy is designed to protect all employees and to promote the welfare and well being of the community at large.

62. As a direct and proximate result of Plaintiff's attempts to recover unpaid wages against Defendants, Defendants terminated Plaintiff's employment.

63. Accordingly, Defendants' actions, as described herein were wrongful and in contravention of the express public policy of the State of California, to wit, the policy set forth in Labor Code § 1102.5 and the laws promulgated thereunder.

64. As a proximate result of the aforementioned wrongful acts, Plaintiff has suffered actual, consequential and incidental financial losses, including, without limitation, the loss of salary and benefits and damage to his professional reputation.  Plaintiff claims such amounts as damages pursuant to Civil Code §§ 3287 and 3288, and any other provision of law providing for prejudgment interest.

65. The acts taken toward Plaintiff were carried out by Defendants' officers, directors, or managing agents acting in a despicable, oppressive, fraudulent, malicious, deliberate, egregious, and inexcusable manner and in conscious disregard for the rights of Plaintiff.  Defendants and their agents authorized, condoned and ratified the unlawful conduct of each other.  Consequently, Plaintiff is entitled to an award of punitive damages against each Defendant.

### PRAYER FOR RELIEF AND STATEMENT OF DAMAGES

WHEREFORE, Plaintiff prays for the following relief:

1.  For Count One: unpaid wages as compensatory damages, as well as liquidated damages equal to the amount of unpaid wages;

2.  For Count Two: lost and future wages as compensatory damages, as well as liquidated damages equal to the amount of lost and future wages;

3.  For Count Three: unpaid wages as compensatory damages, as well as prejudgment interest;

4.  For Count Four: premiums as compensatory damages equal to an additional hour of pay per day with no compliant meal breaks, and equal to another hour of pay per day with no compliant rest breaks, as well as prejudgment interest;

5.  For Count Five: civil penalties equal to $50 for the initial violation and $100 for each subsequent violation, not to exceed $4000;

6.  For Count Six: civil penalties equal to thirty (30) days of wages;

7.  For Count Seven: civil penalties equal to $50 for the initial violation and $100 for each subsequent violation, not to exceed $4000;

8.  For Count Eight: compensatory damages equal to lost wages in an amount to be proven at trial, and a statutory penalty of **$10,000.00** under Labor Code § 1102.5;

9.  For Count Nine:  compensatory damages equal to lost and future wages and punitive damages in an amount to be proven at trial; and

10. For such other and further relief as the Court may deem appropriate.


Dated: July 20, 2017                    *//s//Huy Tran//s//*_____
                                        Huy Tran
                                        JUSTICE AT WORK LAW GROUP
                                        Attorney for Plaintiff GARY
                                        BADERTSCHER

Case No. _____

COMPLAINT